**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALBERTO JOSE ANDRADE-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-965-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Alberto Jose Andrade-Perez, a citizen of Honduras, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 14] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period.[1] Respondents filed a timely Objection [Doc. No. 15], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Honduras who entered the United States without inspection as an unaccompanied minor on December 9, 2022. On December 11, 2022, ICE elected to detain him pursuant to 8 U.S.C. § 1226(a) and placed him in a juvenile shelter. On February 4, 2023, the U.S. Department of Health and Human Services Office of Refugee Resettlement released Petitioner into the care of his sister. Petitioner applied for asylum in November 2023.[2] On December 19,

---

[1] Judge Stephens further recommends the Court should deny as moot Petitioner's due process claim related to transfers. *See* Report and Recommendation at 10-11.
[2] Petitioner's asylum application remains pending before the Immigration Court.

2025, Petitioner was a passenger in his sister's car in Florida, when she was stopped for speeding. Petitioner was arrested and later transferred to ICE custody. He was then transferred between several immigration detention facilities.

In their objection, Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case and request that any order be limited to ordering Respondents to provide a bond hearing within seven days. Obj. at 1. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.[3]

Accordingly, the Court ADOPTS IN PART the Report and Recommendation [Doc. No. 14] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows: Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order and DENIES Petitioner's due process claim related to transfers as MOOT. Respondents shall certify compliance within seven (7) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 7th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[3] Because the Court grants Petitioner relief, it declines to address his Fourth Amendment claim.